UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHEIBE, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>PERFORMANCE ENHANCING SUPPLEMENTS, LLC, dba PEScience, a Delaware limited liability company,<br><br>Defendant. | Case No.: 3:23-cv-00219-H-DDL<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 13.] |

On February 6, 2023, Plaintiff Jacob Scheibe ("Plaintiff"), individually and on behalf of all others similarly situated, filed a class action complaint against Defendant Performance Enhancing Supplements, LLC, dba PEScience ("PES"). (Doc. No. 1.) On April 10, 2023, PES filed a motion to dismiss the complaint. (Doc. No. 6.) On June 5, 2023, the Court issued an order granting PES' motion to dismiss and gave Plaintiff until June 26, 2023 to file a motion for leave to file an amended complaint.[1] (Doc. No. 11.)

---

[1] Defendant moves to strike the first amended complaint because Plaintiff did not file a motion for leave to amend the complaint. (Doc. No. 13-1 at 9.) While Plaintiff did not file a motion for leave to amend, Federal Rule of Civil Procedure 15 instructs the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Such is the case here. Accordingly, the Court denies Defendant's argument to strike the first amended complaint.

On June 26, 2023, Plaintiff filed a first amended class action complaint. (Doc. No. 12, First Amended Complaint ("FAC").) On July 7, 2023, PES filed the present motion to dismiss the FAC. (Doc. No. 13.) On July 28, 2023, Plaintiff filed an opposition to the motion to dismiss. (Doc. No. 14.) On August 7, 2023, PES filed a response in support of its motion to dismiss. (Doc. No. 15.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument and submits the motion on the parties' papers. For the reasons laid out below, the Court grants, in part, and denies, in part, PES' motion to dismiss the FAC without leave to amend.

## BACKGROUND

Plaintiff is a resident and citizen of California. (Doc. No. 12, FAC ¶ 1.) PES is a company that formulates, manufactures, and sells supplements. (Id. ¶ 20.) One of PES' products is a dietary supplement called "Versalyte". (Id.) In the FAC's introductory paragraph, Plaintiff defines "the Products" as the citrus splash and wild berry flavors of "Versalyte" (the "Products"). (Doc. No. 12, FAC at 1.) Versalyte comes in three flavors, but the third flavor—black cherry—is not at issue in this case. (Id. ¶ 21, n.1.) Plaintiff seeks to represent a California class of consumers who purchased the Products within the past four years. (Id. ¶ 53.)

Plaintiff claims that, on or about October 23, 2022, he purchased Versalyte's wild berry and citrus splash flavors from Amazon. (Id. ¶ 18.) The front label of the wild berry and citrus splash flavors state that they are "naturally flavored." (Id. ¶ 21.) Plaintiff alleges that these natural flavoring claims are false because the Products are flavored using artificial flavoring. (Id. ¶ 22.)

Specifically, the Products' back label states that "they contain 'malic acid.'" (Id. ¶ 23.) There are two forms of malic acid, one that is naturally occurring—"L malic acid"—and one that is a synthetic substance derived from petrochemicals—"DL malic acid." (Id. ¶¶ 24, 25; Doc. No. 11 at 2.) Plaintiff alleges that the Products natural flavoring labels are false and misleading because on November 2, 2022, Plaintiff's counsel sent the Products

to an independent third-party laboratory that confirmed that the malic acid in the Products is DL malic acid.  (FAC ¶¶ 22, 26, 27, 31.)  The laboratory tested the Products for the presence of the "D isomer" and detected the "D isomer" in the Products.  (Id. ¶¶ 26, 27.)  Plaintiff's counsel received the results of the test on November 15, 2022.  (Id. ¶ 27.)

Plaintiff alleges that he reviewed the Products' labels and the statement that they contain natural flavors prior to buying the Products.  (Id. ¶¶ 19, 48.)  Plaintiff also contends that he relied on the labels' statements and would not have purchased the Products or would have only been willing to pay a substantially reduced price had he known about PES' alleged misrepresentations—that they use artificially derived DL malic acid.  (Id. ¶¶ 48, 49.)

Plaintiff's FAC alleges claims for: (1) violation of the "unfair" prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (2) violation of the UCL's "fraudulent" prong; (3) violation of the UCL's "unlawful" prong; (4) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); (5) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"); (6) unjust enrichment; and (7) breach of express warranty.  (FAC ¶¶ 71-125.)

## LEGAL STANDARDS

### A.   12(b)(6) Motion to Dismiss

PES moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Dismissal is appropriate where "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing the plausibility of a complaint, courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). But courts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Ultimately, the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 484, 497 (9th Cir. 1995)); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion denying leave to amend when amendment would be futile).

**B.     Federal Rule of Civil Procedure 9(b)**

Claims based in fraud require a heightened particularity in pleading. See Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Id. The circumstances required by Rule 9(b) are the "who, what, when, when, where, and how" of the fraudulent activity. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." Id.

This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Additionally, it "attempts to protect defendants from the harm that may come to their reputations or to their goodwill when they are charged with wrongdoing: '[I]t has been said

[that the requirement] is necessary to safeguard potential defendants from lightly made claims charging the commission of acts that involve some degree of moral turpitude.'" Macchiavelli v. Shearson, Hammill & Co., 384 F. Supp. 21, 28 (E.D. Cal. 1974) (quoting Wright and Miller, 5A Federal Practice and Procedure: Civil § 1296 (3rd ed.)).

## DISCUSSION

### A. Counts One Through Four

The Court starts with causes of action one through four because Plaintiff states in his opposition that he "will and hereby does withdraw Counts 1-4 of the First Amended Complaint."[2] (Doc. No. 14 at 6.) Here, Federal Rule of Civil Procedure 15(a) governs, not Rule 41(a), because Plaintiff is voluntarily dismissing less than all of his claims against a single defendant. See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 687–88 (9th Cir. 2005) ("[W]ithdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15."); Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir. 1988) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'") (internal citation and quotation omitted). Rule 15(a) requires the Court's permission for a party to amend the pleadings after a responsive pleading has been filed. See Fed. R. Civ. P. 15(a)(2).

Accordingly, under Rule 15(a), the Court dismisses the following four causes of action without prejudice: 1) violation of the "unfair" prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (2) violation of the UCL's "fraudulent" prong; (3) violation of the UCL's "unlawful" prong; and (4) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"). See Hamana v. Kholi, No. 10-cv-1630-BTM, 2011 WL 940777, at *1 (S.D. Cal. Mar. 15,

---

[2] Plaintiff also indicates that "Paragraph 32 of the FAC must be struck and is hereby withdrawn." (Doc. No. 14 at 7.) Accordingly, the Court strikes paragraph 32 from the FAC.

2011) (dismissing individual causes of action without prejudice pursuant to Rule 15).[3]

## B. Count Five

PES argues that Plaintiff's fifth cause of action, his CLRA claim, fails because he has failed to plead actual reliance with particularity as required by Rule 9(b). (Doc. No. 13-1 at 9-11.) The Court disagrees and denies PES' motion to dismiss on this ground.

PES also argues that Plaintiff's CLRA claim should be dismissed to the extent it seeks equitable relief. (Doc. No. 13-1 at 14-17.) The Court agrees and strikes the portion of Plaintiff's CLRA claim that seeks equitable relief from the FAC without leave to amend.

### i. Actual Reliance

#### a. Rule 9(b)'s Applicability

Rule 9(b)'s heightened pleading standard applies to "averments of fraud" in civil cases brought in federal court. See Fed. R. Civ. P. 9(b). Specifically, the Ninth Circuit has held that Rule 9(b) applies to CLRA claims that are grounded in fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Here, Plaintiff's CLRA claim relies on the following course of alleged conduct: PES fraudulently misrepresenting that the Products are naturally flavored. (Doc. No. 12, FAC ¶¶ 18-52.) Accordingly, Plaintiff's CLRA claim is grounded in fraud and subject to Rule 9(b)'s heightened pleading requirement. See, e.g., Loh v. Future Motion, Inc., No. 21-cv-06088-EJD, 2022 WL 2668380, at *5 (N.D. Cal. July 11, 2022)("[E]ach claim is subject to the requirements of Rule 9(b)" including claims for UCL, CLRA, FAL, and unjust enrichment); Arabian v. Organic Candy Factory, No. 17-cv-05410-ODW, 2018 WL 1406608, at *3-4 (C.D. Cal. Mar. 19, 2018) ("Each of [p]laintiff's ten claims . . . must be pleaded with particularity" including claims for express warranty, CLRA, UCL, FAL, and unjust enrichment).

///

---

[3] Given Plaintiff's voluntary dismissal of counts one through four, the Court denies as moot PES' arguments relating to dismissal of those counts. (Doc. No. 13-1 at 9-14.)

### b. Plaintiff's Allegations

PES asserts that Plaintiff's allegations do not satisfy Rule 9(b)'s particularity requirements because they fail to establish that he "actually relied on the 'Naturally Flavored' statement or on any other label statements before he allegedly purchased PES[]'s Products." (Doc. No. 13-1 at 10.) Specifically, PES argues that the FAC is devoid of any factual allegations that Plaintiff purchased the products based on the truth and accuracy of the information on the Products' labels. (Id.) The Court disagrees.

A plaintiff alleging claims under the CLRA must allege actual reliance. Stewart v. Kodiak Cakes, LLC, 537 F. Supp. 3d 1103, 1135 (S.D. Cal. 2021). Under California law, reliance means "reliance on a statement for its truth and accuracy, such that the plaintiff was motivated to act or refrain from action based on the truth or falsity of a defendant's statement, not merely on the fact it was made." Greenpeace, Inc. v. Walmart Inc., No. 21-cv-00754-MMC, 2021 WL 4267536, at *2 (N.D. Cal. Sept. 20, 2021) (internal quotation omitted) (citing Kwikset v. Sup. Ct., 51 Cal. 4th 310, 327 n.10 (2011)). Here, the FAC contains photos of the Products' labels that display the words "Naturally Flavored." (Doc. No. 12, FAC ¶ 21.) Plaintiff alleges that he carefully reviews labels to ensure that he only consumes natural ingredients. (Id. ¶ 19.) Specifically, Plaintiff alleges that he carefully reviewed the Products' labels and their natural flavoring claims prior to purchasing the Products. (Id. ¶¶ 19, 48.) Plaintiff alleges that he "reasonably understood [PES'] "Naturally Flavored" statements . . . to mean that the Products contain only natural flavorings." (Id. ¶ 48.) Moreover, Plaintiff alleges that he relied on the labels' natural flavoring statements because he would not have purchased the Products if he knew they contained artificial flavoring. (Id. ¶¶ 48, 49.)

Plaintiff's allegations make clear that he relied on the Products' "Naturally Flavored" statements for their truth and accuracy because he would not have purchased the Products if they said otherwise. Plaintiff has therefore adequately pled his reliance on the words "Naturally Flavored" because he was motivated to act—purchase the Products—based on the truth of those statements. See Greenpeace, Inc., 2021 WL 4267536, at *2;

see also Scheibe v. Livwell Products, LLC, No. 23-cv-216-MMA, 2023 WL 4414580, at *5-6 (S.D. Cal. July 7, 2023) (finding the plaintiff adequately pled his reliance on the words "nothing artificial").

Accordingly, the Court denies PES' motion to dismiss Plaintiff's CLRA claim in its entirety on the ground that he has failed to plead actual reliance.

### ii.   Equitable Relief

In the Court's previous order granting PES' motion to dismiss, the Court dismissed Plaintiff's claims to the extent they seek equitable relief because Plaintiff failed to plead that he lacks an adequate remedy at law.  (Doc. No. 11 at 8-9.)  In that order, the Court granted leave to amend but cautioned Plaintiff that if he failed to cure the identified deficiencies the Court may dismiss Plaintiff's claims without leave to amend.  (Id. at 10.)

In the present motion, PES renewed its argument that Plaintiff's CLRA claim must be dismissed to the extent it seeks equitable relief because Plaintiff again failed to plead facts establishing that he lacks an adequate remedy at law.  (Doc. No. 13-1 at 14-17.)  PES argues that the "FAC did not cure the defect" and the "FAC still does not allege even the legal conclusion that Plaintiff's legal remedies are inadequate, let alone plead facts plausibly establishing that his legal remedies are inadequate."  (Id. at 16.)  The Court agrees. "[E]quitable relief is not appropriate where an adequate remedy exists at law." Schroeder v. U.S., 569 F.3d 956, 963 (9th Cir 2009).  A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020).

Here, Plaintiff's CLRA claim seeks relief in the form of monetary damages in addition to equitable relief.  (Doc. No. 12, FAC ¶¶ 110, 111.)  Plaintiff's FAC, however, does not contain an allegation that mentions, let alone adequately pleads, that his legal remedies are inadequate.  (See Doc. No. 12.)  Such a flaw is fatal to Plaintiff's CLRA claim for equitable relief.  See Guthrie v. Transamerica Life Ins. Co., 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) ("[P]laintiff must, at a minimum, *plead* that []he lacks adequate remedies

at law if []he seeks equitable relief.") (emphasis in original). Notably, Plaintiff fails to address this argument in his opposition. (See Doc. No. 14.)

Accordingly, the Court grants PES motion to dismiss Plaintiff's CLRA claim to the extent it seeks equitable relief and strikes the portion of Plaintiff's CLRA claim that seeks equitable relief from the FAC without leave to amend. See, e.g., Ali v. Intel Corp., No. 18-cv-03981-LHK, 2019 WL 1369926, at *4-5 (N.D. Cal. Mar. 26, 2019) (dismissing claims without leave to amend following a court order warning the plaintiff that failure to cure the deficiencies may result in dismissal with prejudice and plaintiff's subsequent failure to cure the deficiencies).

### C.   Count Six

Similar to count five, PES moves to dismiss Plaintiff's sixth cause of action for unjust enrichment because it too seeks equitable relief and Plaintiff failed to plead that he lacks an adequate remedy at law.[4] (Doc. No. 13-1 at 17.) The Court agrees. "[E]quitable relief is not appropriate where an adequate remedy exists at law." Schroeder v. U.S., 569 F.3d 956, 963 (9th Cir 2009).

Here, Plaintiff's unjust enrichment claim seeks equitable remedies. (Doc. No. 12, FAC ¶ 118.) Plaintiff has an adequate remedy at law because Plaintiff's CLRA claim and breach of express warranty claim both seek monetary damages. (Doc. No. 12, FAC ¶¶ 110, 125.) Additionally, Plaintiff's FAC does not contain an allegation that his legal remedies are inadequate. (See Doc. No. 12.) Such a flaw is fatal to Plaintiff's unjust enrichment claim for equitable relief. See Guthrie, 561 F. Supp. 3d at 875 ("[P]laintiff must, at a minimum, *plead* that []he lacks adequate remedies at law if []he seeks equitable relief.")

---

[4]   PES also seeks to dismiss Plaintiff's unjust enrichment claim on the ground that California does not recognize a separate cause of action for unjust enrichment. (Doc. No. 13-1 at 17.) The Court notes that there is a mix of authority on whether unjust enrichment can be a stand-alone cause of action. See Livwell Products, LLC, 2023 WL 4414580, at *7 (collecting cases). Because the Court dismisses the claim on other grounds, the Court declines to rule on this ground.

Plaintiff fails to address this argument in his opposition as well.  (See Doc. No. 14.)

Accordingly, the Court dismisses Plaintiff's unjust enrichment claim without leave to amend.  See, e.g., Ali, 2019 WL 1369926, at *4-5.

### D. Count Seven

The Court notes that count seven is not a subject of PES' motion to dismiss because PES did not move to dismiss Plaintiff's claim for breach of express warranty.  (See Doc. Nos. 13-1, 15.)

### CONCLUSION

For the foregoing reasons, the Court grants, in part, and denies, in part, PES' motion to dismiss. (Doc. No. 13.) To begin with, the Court dismisses counts one through four without prejudice based on Plaintiff's assertion that he has voluntarily withdrawn those counts.  (Doc. No. 14 at 6.)   The Court denies as moot PES' arguments to dismiss counts one through four.

The Court denies PES' motion to dismiss to the extent it seeks to dismiss count five in its entirety.  But, the Court grants PES' motion to dismiss count five to the extent it seeks equitable relief and strikes the portion of count five that seeks equitable relief from the FAC without leave to amend.  The Court also grants PES' motion to dismiss count six without leave to amend.  In sum, Plaintiff's fifth cause of action for violation of the CLRA is dismissed only to the extent it seeks equitable relief without leave to amend and Plaintiff's sixth cause of action for unjust enrichment is dismissed in its entirety without leave to amend.

Accordingly, PES is ordered to file an answer to the FAC, specifically the remaining portion of count five and count seven, within **thirty (30) days** of the date this order is filed.

IT IS SO ORDERED.

DATED:  August 23, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT